Jon R. Binney, Esq.
I.D. #2895
BINNEY LAW FIRM, P.C.
P.O. Box 2253
Missoula, Montana 59806-2253
Telephone: (406) 541-8020
Fax: (406) 543-5023
E-Mail Address: jon@binneylaw.com
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re: | ) | Case No. 10-62358-11 |
| | ) | |
| RENASCENT, INC., | ) | **DISCLOSURE STATEMENT FOR PLAN** |
| | ) | **OF REORGANIZATION DATED** |
| Debtor. | ) | **JANUARY 27, 2011** |
| | ) | |

## Table of Contents

I. INTRODUCTION .................................................................................................................. 3
   A. Purpose of This Document ............................................................................................. 4
   B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing ................. 5
      1. *Time and Place of the Hearing to Confirm the Plan* ................................................ 5
      2. *Deadline for Voting to Accept or Reject the Plan* .................................................. 5
      3. *Deadline for Objecting to the Confirmation of the Plan* ........................................ 5
   C. Disclaimer ....................................................................................................................... 5
II. SUMMARY OF THE PLAN OF REORGANIZATION ................................................... 6
III. OVERVIEW OF DEBTOR ................................................................................................. 8
   1. Physical Description of Property ................................................................................. 8
   2. Pre-Petition Operations ................................................................................................ 9
   3. Factors Leading to Chapter 11 .................................................................................. 10
   4. Post-Petition Operations ............................................................................................ 11
IV. FINANCIAL INFORMATION ........................................................................................ 12

|   |   |   |
|---|---|---|
| | A. | Description of Assets: .................................................................................... 12 |
| | B. | Description of Liabilities ................................................................................. 14 |
| V. | PLAN TO PROCEED | ................................................................................................ 14 |
| VI. | FEASIBILITY OF PLAN | .......................................................................................... 15 |
| VII. | LIQUIDATION ANALYSIS | ..................................................................................... 15 |
| VIII. | TAX CONSEQUENCES | ........................................................................................... 15 |
| IX. | RISK FACTORS | ....................................................................................................... 16 |
| X. | CONCLUSION | ......................................................................................................... 16 |

## I. INTRODUCTION

This Disclosure statement is submitted with respect to the Debtor's proposed Plan of Reorganization which was filed on January 27, 2011, in this case. The purpose of the Disclosure Statement is to describe the Plan of Reorganization and give creditors information sufficient to allow them to make an informed decision on whether to vote for or against the Plan of Reorganization. This Disclosure Statement contains forward looking statements with respect to which there is no assurance of accuracy, although such statements represent the Debtor's best informed belief concerning matters contained within the statements. Further, this Disclosure Statement contains estimates of value of certain assets, such assets may not sell for the value estimated and values can change adversely over time due to economic conditions, particularly recessionary conditions that may exist today. The source of the information for this disclosure statement is Dan Floyd and the Debtor's realtor, Jane Iten.

Prior to circulation of the final draft of this Disclosure Statement it has been approved by the United States Bankruptcy Court for the District of Montana. Such an approval means that after notice and hearing the Bankruptcy Court has determined that the Disclosure Statement contains adequate information. Adequate information is defined as information of a kind and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor and the condition of the Debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor and creditor, that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan.

The Debtor has not and cannot authorize the disclosure of any other information in support of the proposed Plan of Reorganization except as set forth in this Disclosure Statement. The Debtor seeks a favorable vote of the creditors with respect to the Plan of

Reorganization that is submitted herewith. In order for a plan to be confirmed it must receive a favorable vote of at least one class. A class votes in favor of the plan if it is approved by more than 50% of the members of the class who vote and by at least two-thirds of the total amount of debt held by members of the class who vote on the plan. If a class does not vote for the plan it can be approved notwithstanding the negative vote if the plan provides the members of the class property of a value as of the effective date of the plan at least equal to what the members would receive in a Chapter 7 liquidation.

Creditors are encouraged to consult with their legal counsel concerning their rights in a chapter 11 bankruptcy case and the confirmation process.

### A. Purpose of This Document

This Disclosure Statement describes:

- How the Plan proposes to treat claims or equity interest of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed),

- Who can vote on or object to the Plan.

- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan.

- Why the Plan Proponents believe the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and

- The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

### B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

1. *Time and Place of the Hearing to Confirm the Plan*

The hearing at which the Court will determine whether to confirm this Plan will take place on _____, at _.m., in Courtroom_____ at the _____

2. *Deadline for Voting to Accept or Reject the Plan*

Because there is an impaired class under the Plan, there will be a vote by ballot by those creditors eligible to vote.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan.***

3. *Deadline for Objecting to the Confirmation of the Plan*

Objections to the confirmation of the Plan must be filed with the Court and served upon the Plan Proponents, Creditors and Debtors by _____

4. *Identify of Person to Contact for More Information*

If you want addition information about the Plan, you should contact Jon R. Binney, Binney Law Firm, P.C., P.O. Box 2253, Missoula, MT 59806.

### C. Disclaimer

*The Court will approve the final version of this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted.*

## II. SUMMARY OF THE PLAN OF REORGANIZATION

### 1. What is the purpose of the Plan of Reorganization

The chapter 11 plan of the debtor is set out at Appendix A and contemplates a combination of:

a) Development and Sale of real estate; and

b) Continue claims against State of Montana and Ravalli County. Commence claims as appropriate, against other parties obligated to Debtor including but not limited to Bank of America. The proposed Chapter 11 Plan will treat the claimants as follows:

**Class I – Administrative Expenses**

This class is unimpaired. This class will be paid within thirty (30) days of approval of fees by the Court. There is currently approximately $15,000.00 owed to Binney Law Firm.

**Class II – Secured – disputed – impaired**

Thornburg Mortgage Securities Trust/BAC Home Loan Financing – Disputed mortgage on residence located at 81 Bell Crossing, Victor, MT. Debtor reserves the right to institute an adversary proceeding to determine validity and/or extent of lien. Once filed, there will be no payments until the Court determines whether a valid debt is owed to this creditor, if so, whether the debt is secured against the above referenced property. In the event there is a final determination in favor of this creditor, the amount of the debt shall be paid with 4% per annum interest only monthly payments with a balloon payment @ 5 years after confirmation of Chapter 11 Plan. In the event the collateral securing said loan is sold the creditor shall be paid in full if a determination is made the creditor has a valid lien.

**Class III – Secured – undisputed – impaired**

Farmers State Bank – 1st Mortgage on 83 Bell Crossing, Victor, MT. The fully secured claim in the amount of $507,000.00 shall be paid with 4% per annum interest only monthly payments of $1,690.00 to begin 180 days after Confirmation of Chapter 11 Plan with a balloon payment @ 5 years after confirmation of Chapter 11 Plan. In the event the collateral securing said loan is sold the creditor shall be paid in full.

**Class IV – Secured – undisputed – impaired**

Rebecca L. DeSilva Trust (79% Fractional Interest)/ Creative Finance & Investments, LLC, PSP (21% Fractional Interest) – 2nd Mortgage on 83 Bell Crossing, Victor, MT. The fully

secured claim in the amount of $150,871.06 shall be paid with 4% per annum interest only monthly payments of $502.90 to begin 180 days after Confirmation of Chapter 11 Plan with a balloon payment @ 5 years after confirmation of Chapter 11 Plan. In the event the collateral securing said loan is sold the creditor shall be paid in full.

### Class V – Secured – undisputed - impaired

Melahn Family Trust – Deed of Trust on 5 Tracts of land (Tract 1, 2, 3A, 6 & 7) located at 276 Forest Hill Road, Hamilton, MT. The fully secured claim in the amount of $2,061,064.57 shall be paid with 4% per annum interest only monthly payments of $6,870.22 to begin 180 days after Confirmation of Chapter 11 Plan with a balloon payment @ 5 years after confirmation of Chapter 11 Plan. In the event the collateral securing said loan is sold the creditor shall be paid in full.

### Class VI – Secured – Undisputed - Impaired

Ruth Havican (50% Fractional Interest)/Donald & Claudia Barth (50% Fractional Interest) Mortgage on Tract 3-B of land located at 276 Forest Hill Road, Hamilton, MT. The fully secured claim in the amount of $181,047.95 shall be paid with 4% per annum interest only monthly payments of $603.49 to begin 180 days after Confirmation of Chapter 11 Plan with a balloon payment @ 5 years after confirmation of Chapter 11 Plan. In the event the collateral securing said loan is sold the creditor shall be paid in full.

### Class VII – Secured – Undisputed - Impaired

Ruth Havican (50% Fractional Interest)/Donald & Claudia Barth (50% Fractional Interest) Mortgage on Tract 4 of land located at 276 Forest Hill Road, Hamilton, MT. The fully secured claim in the amount of $90,523.97 shall be paid with 4% per annum interest only monthly payments of $301.75 to begin 180 days after Confirmation of Chapter 11 Plan with a balloon payment @ 5 years after confirmation of Chapter 11 Plan. In the event the collateral securing said loan is sold the creditor shall be paid in full.

### Class VIII – Secured – Undisputed - Impaired

Ruth Havican (50% Fractional Interest)/Donald & Claudia Barth (50% Fractional Interest) Mortgage on Tract 5 of land located at 276 Forest Hill Road, Hamilton, MT. The fully secured claim in the amount of $130,756.85 shall be paid with 4% per annum interest only monthly payments of $435.86 to begin 180 days after Confirmation of Chapter 11 Plan with a balloon payment @ 5 years after confirmation of Chapter 11 Plan. In the event the collateral securing said loan is sold the creditor shall be paid in full.

### Class IX – Unsecured Creditors - Impaired

Debtors shall pay unsecured creditors whose claims are allowed plus accruing interest at four (4%) per annum with 4 annual interest only payments commencing one year after

confirmation. The remaining balance of all unsecured claims and any accrued interest will be paid in full through a balloon payment @ 5 years after confirmation of Chapter 11 Plan. Debtors specifically reserve the right to object to creditors' claims. In the event Debtor sells real estate, Debtor will pay these amounts after payment of secured creditors, administrative claims and capital gains taxes.

### Class X – Unsecured Creditors – Small Administrative Convenience Class

All creditors with claims of $500.00 shall be paid in full 180 days after confirmation. In addition, all creditors with claims exceeding $500.00 that agree to accept $500.00 in satisfaction of their claim shall also be paid in full 180 days after confirmation.

### III. OVERVIEW OF DEBTOR

1. Physical Description of Property

The debtor owns two large tracts of property in Ravalli County, Montana. These include an 320 acre parcel of land South of Hamilton, Montana aka 276 Forest Hills Road, consisting of eight (8) separate tracts, varying in size from 20 acres to 80 acres. Improvements include a hay barn with a maintenance shop, six developed ponds and a 3 acre lake, a mile long improved gravel road, three septic permits, electric power to 3 lots, two wells and a pump house with attached bathroom. It has a half mile of National Forest boundary and is bordered by a 440 acre ranch to the North that has a conservation easement on it and an 880 acre ranch to the South.

In addition, there is a 170 acre parcel of land consisting of two (2) tracts of land near Stevensville, Montana, aka 81 Bell Crossing. One parcel is 159 acres with two barns and a work room. There is fencing and cross fencing for horse pastures. The other tract is 11 acres with a 10,300 square foot residence and a 1000 square foot Guest house. There is a driveway through the whole property with two main entrances. The property borders approximately one mile of the Bitterroot River and its side channels, There are also 7 ponds which are spring fed and have both rainbow and brown trout populations. The property has septic approval to add four more

bedrooms.

Both of these properties are very unique and have significant appeal for high end buyers. Wild life is abundant on both properties.

2.    <u>Pre-Petition Operations</u>

Debtor's business has been business/real estate development. Debtor is owned by Bibelot Trust which is the trust that was formed by Dan Floyd in the 1980s. Dan Floyd was the trustor, trustee, and sole beneficiary of the trust. Debtor purchased an abandoned railroad depot in Capitola, California and renovated it into a small boutique hotel. Over the next 10 years the Debtor expanded the operation to include five properties along the coast of California. Two of the properties were rated Mobil 4-Star and AAA 4-Diamond, the only such properties in Santa Cruz and San Mateo Counties. These properties were sold in 2001 and the operation was moved to Montana.

In 1995 Dan Floyd and Kelley Floyd were married. Shortly thereafter, Kelley Floyd formed the corporation known as Keldan Corporation in which she was the sole owner. Keldan and the Debtor jointly invested in properties after 1995. The Debtor and Keldan purchased a ranch near Victor, Montana in 2001. Improvements were made and the property was sold in 2005. Other investments/developments of Debtor and Keldan consisted of purchasing, renovation of a townhouse in Incline Village, Nevada, which was then sold in 2002, and a purchase of a lot in Reno, Nevada, and the building of a spec house on the property and a subsequent sale in 2005.

The Debtor also acquired the 170 acre parcel near Stevensville, Montana, along the Bitterroot River and proceeded to improve it. A 10,300 square foot home consisting of 5 bedrooms, 8 baths, 7 fireplaces, wine cellar, an arbor with a wood burning pizza oven and BBQ

along with other amenities was built. Two barns were also built along with fencing and cross fencing, a gravel/concrete road through the property, extensive landscaping and finished ponds and water channels. The property is for sale and has had purchase offers.

Keldan Corporation left $800,000.00 of the proceeds it would have received from the previous sales including the Victor ranch in the investments that Debtor had in its current real estate holdings. In January, 2010, Keldan Corporation's investment of $800,000.00 was returned to it. Later in 2010, Keldan Corporation lent $250,000.00 to Debtor and it filed a claim in this case.

In addition, several of the parcels of real estate in Montana were initially purchased by Dan and Kelley Floyd in order to obtain the financing for said real estate. Subsequently, some of that real estate was transferred to Debtor subject to the loan. In August of 2009 one of the properties, 31 Bell Crossing, was transferred back to Dan and Kelley Floyd to obtain refinancing of the property and remains titled in Dan and Kelley Floyd's name.

3.    Factors Leading to Chapter 11

Debtors' business has been developing businesses and real estate, improving them and selling. The result has led to major income spaced years apart in addition to significant negative cash flow until properties sold. The downturn in the economy generally, and the real estate market, specifically has exacerbated the cash flow problems the last three years.

The Debtors' plan was to sell the 81 Bell Crossing properties and focus on developing the Forest Hill property.

Debtor also planned to develop and operate a hotel property in Anaconda, Montana as an investor in a development company. Debtor purchased the property and then with the approval of

Anaconda-Deer Lodge County transferred that property to Renascent, LLC, which entered into contracts with builder Sullway Construction, Inc. The project began, and then the builder changed its pricing. The project failed for lack of financing. This resulted in a lawsuit against the Debtor, Renascent, LLC, Craig Floyd and Dan Floyd. Preliminary Settlement discussions were held in the lawsuit.

To cure the cash flow problems and settle the lawsuit, the Debtor attempted in July, 2010 to do an auction on the Bell Crossing property but was unsuccessful as Bank of America filed a Trustee Sale notice which caused the auction company to cancel the auction. If the auction had been successful, all creditors would have been paid in full. Bank of America continued to foreclose.

Debtor attempted to refinance and continued to attempt to sell the real estate after the failure of the auction without success.

Dan and Kelley Floyd again obtained financing on property titled in one or both of their names in 2010 to continue to make payments to creditors. This financing was obtained through Creative Finance relative to several Forest Hill properties. Dan Floyd disclosed to Creative Finance that the property would be transferred to the Debtor.

The Debtor filed Chapter 11 to stop the foreclosure sale until the issues are adjudicated and to stop the plaintiffs in the Anaconda action from proceeding with their lawsuit.

4.     Post-Petition Operations

Debtor has listed both properties for sale with Iten Realty; 81 & 83 Bell Crossing for 8.2 million dollars and Forest Hill for 4.5 million dollars.

If Bell Crossing sells first, then all secured and unsecured creditors will be paid off. If Forest Hill sells first, then all secured creditors except Bank of America will be paid off. The

Debtor believes that Bank of America improperly filed the Notice of Trustee Sale which compromised the sale of Bell Crossing through the auction process. Debtor intends to retain counsel and file a lawsuit against Bank of America and related parties for all damages. The anticipated amount from the lawsuit would pay off all creditors in full. In addition, Debtor has claims against Ravalli County and State of Montana regarding a bridge defect problem which has caused damage to Debtors' property. With approval of the Court, Debtor has retained Markette & Chouinard to handle this claim. The Debtor is negotiating a settlement with Ravalli County which should result in additional funds for the Debtor to fund the plan.

Debtor is retaining special counsel at the request of the U.S. Trustee to review the August 2009 transfer of 31 Bell Crossing back to Dan and Kelley Floyd and the January 2010 return of investment funds to Keldan Corporation. Keldan Corporation has offered to repay any pro-rata amount unsecured creditors are not paid through this Chapter 11 Plan.

## IV. FINANCIAL INFORMATION

A. Description of Assets:

| Real Estate: | Value: |
|---|---|
| Residence<br>81 Bell Crossing<br>Victor, MT, | $6,500,000.00 |
| 83 Bell Crossing<br>Victor, MT | $2,100,000.00 |
| 276 Forest Hill Road<br>Hamilton, MT<br>TRACT 1: THE NW1/4NW1/4 OF SECTION 16, TOWNSHIP4 NORTH, RANGE 21 WEST, P.M.M., RAVALLI COUNTY, MONTANA<br>PARCEL NO. 1123420<br>TRACT 7: THE S1/2NW1/4 OF SECTION 16, TOWNSHIP 4 NORTH, RANGE 21 | $2,880,000.00 |

WEST, P.M.M., RAVALLI COUNTY, MONTANA CERTIFICATE OF SURVEY 5915-TR1123400 PARCEL NO. 1123430
TRACT 6: THE SW1/4NE1/4 OF SECTION 16, TOWNSHIP 4 NORTH, RANGE 21 WEST, P.M.M., RAVALLI COUNTY, MONTANA CERTIFICATE OF SURVEY 5915-TR
TRACT 3-B: THE SE1/4 OF SECTION 16, TOWNSHIP4NORTH, RANGE 21 WEST, P.M.M.,RAVALLI COUNTY, MONTANA AS DESCRIBED IN CERTIFICATE OF SURVEY NO. 603100-F
TRACT 2: THE NE1/4NW1/4 OF SECTION 16, TOWNSHIP4 NORTH, RANGE 21 WEST, P.M.M., RAVALLI COUNTY, MONTANA CERTIFICATE OF SURVEY 5915TR

| | |
|---|---|
| 276 Forest Hill Road<br>Hamilton, MT<br>SE1/4NE1/4 OF SECTION 16, TOWNSHIP 4 NORTH, RANGE 21 WEST, P.M.M., RAVALLI COUNTY, MONTANA,PARCEL NO. UNRECORDED,<br>TRACT 3-A; THE NW1/4NE1/4 OF SECTION 16, TOWNSHIP 4 NORTH, RANGE 21 PARCEL NO. 1146800 | $660,000.00 |
| 276 Forest Hill Road<br>Hamilton, MT<br>TRACT 5: THE E1/2NE1/4NE1/4 OF SECTION 16, TOWNSHIP 4 NORTH, RANGE 21 WEST, P.M.M., RAVALLI COUNTY, MONTANA, RECORDING REFERENCE BOOK 153 OF DEEDS, PAGE 727 PARCEL NO. 11485000 | $330,000.00 |
| 276 Forest Hill Road<br>Hamilton, MT<br>TRACT 4: THE W1/2NE1/4NE1/4 OF SECTION 16, TOWNSHIP 4 NORTH, RANGE 21 WEST, P.M.M., RAVALLI COUNTY, MONTANA, RECORDING REFERENCE BOOK 153, PAGE 726. WEST, P.M.M. RAVALLI COUNTY, MONTANA. CERTIFICATE OF SURVEY 603100-F | $330,000.00 |

| Bank Accounts: | Value: |
|---|---|
| Debtor-in-Possession Account<br>Farmers State Bank | $119,000.00 |

| Vehicles: | Value: |
|---|---|
| 2008 Jeep Wrangler | $18,550.00 |
| 2008 Ford F-350 Truck | $38,325.00 |
| 2008 Kawasaki Mule ATV | $7,500.00 |

Interests in Incorporated Business:

| Personal Items: | Value: |
|---|---|
| 5 horses | $0.00 |

B. Description of Liabilities

| Secured Creditors: | Amount of Claim: |
|---|---|
| BAC Home Loan Financing (Disputed) | $3,165,000.00 |
| Farmers State Bank | $507,000.00 |
| Melahn Family Trust | $2,066,420.00 |
| Rebecca L. DeSilva Trust (79% Fractional Interest) | $190,000.00 |
| Creative Finance & Investments, LLC, PSP (21% Fractional Interest) | |
| Ruth Havican (50% Fractional Interest) | $180,000.00 |
| Donald & Claudia Barth (50% Fractional Interest) | |
| Ruth Havican (50% Fractional Interest) | $90,000.00 |
| Donald & Claudia Barth (50% Fractional Interest) | |
| Ruth Havican (50% Fractional Interest) | $130,000.00 |
| Donald & Claudia Barth (50% Fractional Interest) | |

Priority Claims

N/A

Unsecured Creditors:

Anaconda-Deer Lodge County, MT (Disputed)
Sullway Construction, Inc. (Disputed)
Keldan, Inc.

Total Unsecured Debt (including disputed): $964,035.81

## V. PLAN TO PROCEED

Debtor's plan is to continue to market the two properties for sale. Debtor believes an attempt to sell individual parcels would produce less value than in selling the properties as a whole. Bell Crossing was initially listed for 13 million dollars and received offers of 13 million dollars in approximately 2005 and 9 million dollars in approximately 2008. These offers were contingent offers which failed. The property was relisted for 11 million dollars and then reduced to 8.2 million dollars. The realtors involved believe that there is no comparable in the valley.

Forest Hill is another one of a kind property and the asking price of 4.5 million dollars is

*DISCLOSURE STATEMENT FOR PLAN OF REORGANIZATION DATED January 27, 2011*

reasonably priced based upon its special features.

Iten Realty has been retained to market and sell both properties. Iten Realtors are very will known in the business and will do an outstanding job of marketing and selling the properties.

Debtor proposes paying all secured creditors 4% interest on principal amounts owed and extend the terms of any loan due in less than 5 years to 5 years. These payments will continue until Debtor sells the property or the time expires.

Debtor is attempting to settle a lawsuit against Ravalli County and the State of Montana and may receive a cash settlement from Ravalli County for prior attorney fees and consultant fees. Additionally, Debtor intends to retain counsel to file a lawsuit against Bank of America, et al, for damages, which if settled could provide Debtor sufficient funds to pay off all allowed claims.

## VI. FEASIBILITY OF PLAN

The feasibility of debtor's plan is based in the short term on funds held in the Debtor in Possession Account, and in the long term on the sale of Debtor's real estate and additional settlement proceeds.

## VII. LIQUIDATION ANALYSIS

Essentially in a Chapter 7 liquidation, unsecured creditors would receive 0% on their claims as opposed to 100% proposed to be paid through debtor's Chapter 11 plan.

## VIII. TAX CONSEQUENCES

As indicated in section III above, the basis of the tax consequences involved in Debtor's

case will vary depending on whether debtor sells certain parcels of its real estate listed above in order to pay creditors. The tax basis for 81 and 83 Bell Crossing, Victor, MT is $6,000,000.00 and 276 Forest Hill Dr. is $3,500,000.00. The total debt in this case including disputed debt is approximately $7,000,000.00. Accordingly, Debtor believes any sale triggering capital gains will be more than enough to pay all creditors in full.

## IX. RISK FACTORS

Risks associated with this chapter 11 plan include the potential of a stagnant real estate market for Debtor's property(ies) in the immediate future causing an inability to fund the required future Chapter 11 Plan Payments to secured creditors.

## X. CONCLUSION

The Debtor believes that confirmation of the proposed Plan of Reorganization is in the best interest of the creditors of this bankruptcy estate. Moreover, the Debtor believes that unsecured creditors are more likely to be paid in full under the terms of this plan than otherwise, and if not paid in full they are likely to receive a greater dividend than under any other outcome. Therefore the Debtor seeks the support of all creditors to this plan.

DATED this 24th day of January, 2011.

_____
Dan Floyd – President

## CERTIFICATE OF SERVICE

The undersigned does hereby certify, under penalty of perjury that on the 27st day of January, 2011, a true copy of the foregoing document was served by mail to the following individual(s) by depositing a copy of the same in the U.S. Mail, postage prepaid thereon, addressed as follows, unless otherwise indicated below:

*Via ECF*
Office of the US Trustee

Melissa Colonomos