Jon R. Binney
I.D. #2895
BINNEY LAW FIRM, P.C.
P.O. Box 2253
Missoula, MT 59806-2253
Telephone: (406) 541-8020
Fax: (406) 541-8006
E-Mail Address: jon@binneylaw.com
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>RENASCENT, INC.,<br><br>Debtor. | Case No. 10-62538-13 |

## MOTION TO APPROVE SETTLEMENT AGREEMENT

COMES NOW Debtor in Possession, Renascent, Inc., by and through its counsel of record, Jon R. Binney, of BINNEY LAW FIRM, and pursuant to Bankruptcy Rule 9019, respectfully requests the Court for an Order approving a proposed settlement agreement entered into between the Plaintiff, Renascent, Inc., and Keldan, Inc., as Defendant, (attached herewith) in Adversary Proceeding No. 11-00042.

The general terms of the Settlement Agreement between the parties requires the payment of the sum of Five Hundred Twenty-Five Thousand and No/100 Dollars ($525,000.00) to the Debtor in Possession account. In consideration of the settlement payment, Renascent, Inc. will fully release the Defendant, and its successors and assigns, from all further claims or causes of action in any way related to Adversary Proceeding No. 11-00042. Additionally, upon entry of an Order by the Court approving the settlement in this Adversary Proceeding, Plaintiff will file a

motion with the Court to dismiss this Adversary Proceeding with prejudice.

As discussed in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986), in determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessary attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*See also in re Michael*, 14 Mont. B.R. 363, 365 (1996) (construing *in re A & C Properties*).

The Court may grant this Motion if the standards set forth in *A & C Properties* are met. In applying the *A & C Properties* factors, the Court need not conduct an independent investigation of the underlying factors nor must it conduct a mini-trial before approving a compromise as fair and equitable. In *re Blair*, 538F2.d 849, 851 (9th Cir. 1976). In addition to the four prong test set forth in *A & C Properties*, it is also well established that the law favors compromise. *Id.*

In addition, to determining the reasonableness of the settlement, the Court may weigh the opinions of the Trustee, the parties and their attorneys, and may consider the principals' beliefs that all of the factors being upon the appropriateness of the settlement have been explored and the compromise is fair, equitable and the wisest course. *Blair*, 538 F.2d at 851. In this particular instance, the parties conducted settlement discussion in an effort to resolve the issues raised in the DIP's Complaint. As a result of those negotiations, the parties determined it was in respective best interest to enter in to a settlement agreement which resolves all issues between them.

Debtor in Possession/Plaintiff, as the moving party, would further represent to the Court and all creditors and interested parties that the proposed settlement agreement between the parties is fair and equitable and in the best interest of the estate and should be approved by the

Court, pursuant to the provisions of Bankruptcy Rule 9019(a).

WHEREFORE, based on the foregoing, the Defendant respectfully requests the Court to enter its Order approving the proposed Settlement Agreement entered into between Renascent, Inc. and Keldan, Inc., on the terms and conditions as set forth herein.

DATED this 4th day of November, 2011.

> BINNEY LAW FIRM, P.C.
> P.O. Box 2253
> Missoula, MT 59806-2253
> Telephone: (406) 541-8020
> Attorneys for Debtors
>
> By: /s/ Jon R. Binney
>       Jon R. Binney

## NOTICE

If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The responding party shall schedule the hearing on the motion at least 30 days after the date of the response and request for hearing and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:

NOTICE OF HEARING
Date: _____
Time:_____
Location:_____

If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.

DATED this 4th day of November, 2011.

                          BINNEY LAW FIRM, P.C.
                          P.O. Box 2253
                          Missoula, MT 59806-2253
                          Telephone: (406) 541-8020
                          Fax: (406) 543-5023
                          Attorneys for Debtors

                          By: /s/ Jon R. Binney
                              Jon R. Binney

## CERTIFICATE OF SERVICE

  UNDER PENALTY OF PERJURY, I HEREBY CERTIFY that I served a true and correct copy of the foregoing MOTION TO APPROVE SETTLEMENT AGREEMENT upon the following named parties by United States Mail, postage prepaid, on this 4th day of November, 2011, unless otherwise noted:

*Via ECF*
Office of the US Trustee

All Creditors on Mailing Matrix attached.

            /s/ Melissa E. Colonomos